Matthias, J.
 

 In the case out of which the issues now before us arise
 
 (Morgenthaler
 
 v.
 
 Cohen,
 
 
 *25
 
 103 Ohio St., 328, 132 N. E., 730), it was held that the claim for commission from the United States Steel Products Company, which Goldberger assigned to Morgenthaler, belonged to the partnership, consisting of Goldberger and Cohen, and that the consideration therefor, in the amount of $26,-866, was the pre-existing debt of Goldberger to Morgenthaler. Morgenthaler was held to have acquired no greater right by reason of such assignment than Goldberger in fact possessed, and that Cohen, not having been made a party to the subsequent bankruptcy proceeding against Goldberger, nor served with process therein, and not having appeared personally or by counsel, his claim was in no wise adjudicated, and that it was not an asset of Goldberger, for it had been by him assigned to Morgenthaler, and the claim asserted by Cohen was his claim for an interest in the commission account, with which he had never parted. The amount awarded Cohen was ascertained by deducting from the $23,565 realized on the claim against the United States Steel Products Company the money advanced by Morgenthaler subsequent to the assignment of the claim to him, as well as all of Goldberger’s interest in the fund, leaving for Cohen $5,223.71 and accumulated interest thereon. The award by the Court of Appeals in this case to the two firms of attorneys named was 50 per cent, of that sum.
 

 Cramer, as an intervening petitioner in the Court of Appeals, made claim against the fund in question as a partnership creditor, and as such claimed priority over Kramer & Bettman and Cobb, Howard
 
 &
 
 Bailey, and asserted his right in said fund to be superior to Cohen’s interest or
 
 *26
 
 any lien asserted against Cohen’s interest in said fund.
 

 The Court of Appeals found that this fund was' procured as a result of the litigation whereinEramer & Bettxnan and Cobb, Howard & Bailey acted as counsel under a contract with Cohen. Here then is a fund produced and made available for any who may have a valid claim; but it was procured, and so made available, as a result of long litigation, and through and by virtue of services of attorneys under a contract requiring payment to them of 50 per cent, of the amount which should be realized as the result of such litigation.
 

 The contention of Cramer is based wholly on the proposition that the attorneys are the individual creditors of Cohen, and that the priority, if any, can arise only after all the firm creditors of Groldberger & Cohen are paid in full, and the balance, if any remaining, is ordered paid to Cohen as his interest in the partnership. That position would be tenable if it be conceded that the fund represented by the judgment belongs to the firm, and not to Cohen individually, and if the attorneys were general creditors of Cohen; but that would put aside entirely the question of their interest in, or lien upon, the fund produced by their skill and labor, and would result in taking from them that which had thus been procured, and distributing it among general creditors of the firm, probably leaving without remuneration of any sort the attorneys but for whose efforts, presumably, the fund would not have been procured or made available for the payment of the creditors either of the firm or the individuals composing it. The
 
 *27
 
 mere statement of that proposition discloses its inequity.
 

 It is said, in 2 Ruling Case Law, page 1069:
 

 “This right, though called a lien, rests * * * on the equity of an attorney to be paid his fees and disbursements out of the judgment which he has obtained, and is upheld on the theory that his service and skill produced the judgment, and in accordance with the principle which gives a mechanic a lien upon a valuable thing which, by his skill and labor, he has produced.”
 

 Indeed, the Supreme Court of the United States, in the ease of
 
 Winton
 
 v.
 
 Amos,
 
 255 U. S., 373, 393, 41 Sup. Ct., 342, 65 L. Ed., 684, recognized the claim against a lien upon a fund so produced as having a “curious analogy to the salvage services of the maritime law.” Not only the validity of the claim for attorney fees, but also the priority thereof, was the subject of consideration by this court in the case of
 
 Diehl
 
 v.
 
 Friester,
 
 37 Ohio St., 473. The court, at page 477, after citing cases supporting the proposition that a judgment will not be set off against another judgment, to the prejudice of an attorney who contributed by his skill and service in obtaining it, goes on to say:
 

 “An attorney may have a claim upon the fruits of a judgment or decree which he has assisted in obtaining, or upon a sum of money which he has collected, and under some circumstances courts will aid him in securing or maintaining such claim. Thus he will be protected in retaining his fee out of money which he has collected for his client.
 
 Longworth
 
 v.
 
 Handy,
 
 2 Handy, 75. He will be protected in his claim as attorney on a fund in the hands of a receiver
 
 (Olds
 
 v.
 
 Tucker,
 
 35 Ohio
 
 *28
 
 St., 581), or in court. * * * And why should not Hunter
 
 &
 
 Mallory be protected to the same extent as if Diehl had paid the money into court? The motion for set-off was, as we have seen, an appeal to the equitable power of the court, and, where such appeal is made, the court looks not merely to the form the transaction is made to assume, but to its substance. The attorneys contributed, undoubtedly, in obtaining the judgment.”
 

 In this case a partnership creditor asserts that the fund procured by Cohen as his interest in the firm assets must be made subject to the claims of partnership creditors of G-oldberger
 
 &
 
 Cohen. If it be assumed that the firm creditors were entitled to such fund, surely they would take it incumbered by a legitimate charge against the same. They' could not secure the benefits entirely freed from the burdens thereof. Hence, even if this fund be regarded as a partnership asset, only so much thereof may be applied to the payment of partnership creditors as would constitute the net proceeds of such litigation, and here it does not appear from the record that the compensation agreed upon and claimed was in excess of a reasonable charge for the service rendered in procuring the fund in question.
 

 We find no basis for the contention of counsel that a lien cannot be asserted by attorneys, in the absence of an agreement with their client that they should have such lien.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.