No. 534
CRAWFORD v. MIRMAN et

Ohio Appeals, 9th Dist., Summit Co.

106. ASSIGNMENT—Of judgment when in furtherance of argeement for attorneys' fees does not constitute a perference under the bankrupty law and is not voidable on that account.

PARDEE, P. J.

John Crawford revovered a judgment against Edward Miram in the Summit Common Pleas on notes and for the foreclosure of mortgages securing same on March 7, 1921. On April 24, 1924 Miram recovered a judgment against Crawford for $364. In February 1022 Miram recovered a judgment against Qrawford assigned to Carl M. Myers, his attorney, the said judgment and in March, Mirman was adjudgedf a bankrupt in the U. S. District Court for the Northern District of Ohio, Eastern Division, and Crawford was thereafter elected trustee.

In October 1923 Crawford trustee in bankruptcy of Mirman's estate, for an equitable set off of the two judgments. Crawford as trustee claimed the transfer and assignment to Myers of the judgment constituted a preference under the bankruptcy law and asked that same be declared null and void. Myers filed a motion to dismiss the action, for jurisdiction thereof was within the bankruptcy court. The motion was overruled and the Common Pleas found that Crawford as an individual was entitled to said set off fffor the full amount of the Mirman judgmnet, excepting $75 that Myers was entitled to receive as attorney's fees. Crawford finding the judgment unsatisfactory, appealed the case to the Court .of Appeals, and Myers held he was supposed to receive one half of the judgment as compensation for his services, and the other half for services to be rendered after Mirman was in bankruptcy. The Court held:

1. The assignment to Myers of the judgment was merely in furtherance of an agreement that he was to receive one-half of the judgment for his services, and the assignment would not and could not constitute a preference under bankruptcy law, and is not voidable on that account.

2. Myers had a lien attaching to the judgment at its rendition, and is entitled to one-half of the judgment prior to any claim of Crawford individually. Cohen v. Goldberger 109 OS. 22.

3. No part of the judgment passes to Crawford as trustee.

4. Myers tok one-half of judgment for fees in bankruptcy matter; he took same subject to rights and equities given to Crawford un-

der 11321 GC., and Crawford is entitled to the one-half of the judgment so transferred and assigned to Myers for contemplated services in the bankruptcy case. Decree accordingly.

Attorneys—Holloway & Chamberlin, for Crawford, Carl M. Myers and Donald Gottwald for Myers; all of Akron.