[Cite as *Cuyahoga Cty. Bd. of Commrs. v. Maloof Properties, Ltd.*, 197 Ohio App.3d 712, 2012-Ohio-470.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96816**

## CUYAHOGA COUNTY BOARD OF COMMISSIONERS,

APPELLEE,

v.

## MALOOF PROPERTIES LTD. ET AL.,

APPELLEES; **KEHOE**, APPELLANT.

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division

Case No. 06 ADV 0121135

**BEFORE:**   Kilbane, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   February 9, 2012

**ATTORNEYS:**

Joseph D. Carney & Associates, L.L.C., and Joseph D. Carney; and Nicole M. Loucks, for appellee Maloof Properties, Ltd.

Dinsmore & Shohl and Sarah Sparks Herron, for appellee Ohio National Life Ins. Co.

Kehoe & Associates, L.L.C., and Robert D. Kehoe; and Joseph J. Jerse, for appellant.

MARY EILEEN KILBANE, Judge.

{¶ 1} Defendant, Robert D. Kehoe, d.b.a. Kehoe & Associates, L.L.C. ("Kehoe"), appeals from the judgment of the probate court that denied his charging lien over funds obtained in an appropriation action. For the reasons set forth below, we reverse the judgment and remand the cause for further proceedings.

{¶ 2} On December 21, 2006, the Cuyahoga Board of County Commissioners filed a complaint for appropriation for a temporary easement over property located at 19801 Holland Road, Brook Park, Ohio, and owned by Maloof Properties, Ltd. ("Maloof").

{¶ 3} On May 13, 2007, Maloof and National Originators filed a satisfaction of mortgage with full release that indicated that Maloof had fully complied with the terms of its $1.8 million mortgage on the parcel. On June 1, 2007, the county made an initial distribution of funds on deposit in the amount of $10,500 to Maloof.

{¶ 4} On April 2, 2008, Kehoe became counsel of record for Maloof. The matter was scheduled for trial on November 17, 2008. In preparation for trial, Kehoe filed a notice of filing expert reports and witness list, deposed numerous witnesses, and prepared a trial brief. On November 17, 2008, following the first day of trial, Kehoe sought permission to withdraw from representation "based upon an ethical imperative," and a mistrial was declared the following day.

{¶ 5} Court proceedings resumed in early 2009, and Maloof obtained new counsel. On July 10, 2009, Ohio National Life Insurance Company ("Ohio National Life") filed a third-party motion to intervene in the action, alleging that on June 6, 2006, Maloof

obtained a mortgage on the parcel from Ohio National Life in the amount of $1.95 million. Under the terms of this mortgage, Ohio National Life is entitled to the proceeds from any appropriation action concerning the parcel, and Maloof specifically authorized payment of any appropriation proceeds directly to Ohio National Life. The mortgage and an assignment of proceeds were filed with the Cuyahoga County recorder on June 6, 2006. The trial court granted Ohio National Life's motion to intervene as a third-party defendant. Ohio National Life then filed an answer seeking recovery of $8,839.76 from the funds distributed to Maloof in 2007.

{¶ 6} The matter was set for trial on July 24, 2009. On that date, Kehoe filed a notice of its charging lien, in which it set forth a first priority attorney's lien on any settlement or judgment proceeds. On July 28, 2009, the jury determined that the value of the county's temporary easement over the subject parcel and interest in fee simple for highway purposes was $32,050.

{¶ 7} On February 1, 2011, Ohio National Life filed a motion for an order of distribution of the appropriation proceeds, arguing that by virtue of its mortgage, it was the "owner" of the parcel pursuant to R.C. 163.01(E). Ohio National Life served a copy of its motion upon appellant, Kehoe. Following a hearing on April 18, 2011, the trial court granted Ohio National Life's motion and awarded it $22,210.24, the remaining balance due on the appropriation award. On that same day, the trial court issued an order distributing the appropriation funds to Ohio National Life.

{¶ 8} The following day, Kehoe filed a motion for reconsideration and relief from judgment, seeking distribution of the appropriation award, based upon his charging

lien.  Kehoe complained that he was not provided with advance notice of the hearing, that on the day of the hearing a court employee telephoned his office to advise them of the hearing and to inquire as to whether anyone from Kehoe's office would attend, and that a short time later, the same employee telephoned again to advise that the firm's attendance would not be necessary.

{¶ 9} In opposition, Ohio National Life noted that Kehoe was no longer representing Maloof at the time of the final award, so Kehoe did not create the fund at the center of the parties' dispute.  Ohio National Life also insisted that its rights were superior to Kehoe's under the express terms of its recorded mortgage, and that Kehoe had delayed 22 months in seeking his charging lien.

{¶ 10} The trial court denied Kehoe's motion for reconsideration and distribution. He now appeals, assigning two errors for our review.

Assignment of Error No. I

The trial court erred in distributing funds where the Appellant law firm did not receive notice of a hearing on distribution, was prepared to appear on short notice but was told its attendance was not necessary, and distribution to an insurance company ordered without a record being made.

{¶ 11} In this assignment of error, Kehoe complains that the trial court erred in distributing funds to Ohio National Life because the law firm did not receive notice of the hearing on distribution of funds.

**{¶ 12}** We review for abuse of discretion. *Garrett v. Sandusky*, 6th Dist. No. E-03-024, 2004-Ohio-2582; *Minor Child of Zentack v. Strong,* 83 Ohio App.3d 332, 334-335, 614 N.E.2d 1106 (8th Dist.1992).

**{¶ 13}** Under 2 Restatement of Law 2d, Agency, Section 464(e) (1958),

> [a]n attorney of record who has obtained a judgment has a security interest therein, as security for his fees in the case and for proper payments made and liabilities incurred during the course of the proceedings.

**{¶ 14}** This security interest, deemed a "charging lien," is a lien upon a judgment or other monies awarded to a client, or former client, for work previously performed by the attorney. *Petty v. Kroger Food & Pharmacy,* 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869 (10th Dist.); *see also Hill Hardman Oldfield, L.L.C. v. Gilbert*, 190 Ohio App.3d 743, 2010-Ohio-5733, 944 N.E.2d 264 (9th Dist.); *First Bank of Marietta v. Roslovic & Partners, Inc.*, 10th Dist. No. 03AP-332, 2004-Ohio-2717, 2004 WL 1172885.

**{¶ 15}** As described in the seminal case of *Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923), paragraph one of the syllabus,

> [t]he right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund.

**{¶ 16}** Courts have strictly applied the requisites spelled out in the syllabus of *Cohen*, noting that this interpretation is preferable to a "but for" test, which would allow even minimal or remote contribution to justify a charging lien. *Kroger Food & Pharmacy* at 16, 844 N.E.2d 869.

{¶ 17} This standard does not, however, in our view, preclude counsel retained earlier in the litigation from recovering upon a charging lien simply because such counsel has been discharged as of the date of the judgment, so long as counsel can demonstrate the significance his contribution has to that judgment. *See Exact Software NA v. Infocon Sys., Inc.*, N.D. Ohio No. 3:03CV7183, 2011 WL 5008421 (Oct. 19, 2011).

{¶ 18} We also note that charging liens are generally superior to the claims of the client's other creditors. *Goldberger,* 109 Ohio St. 22, 141 N.E. 656, paragraph two of the syllabus. Indeed, charging liens have been recognized as having a "superpriority" that is superior even to federal tax liens. *See Reed & Steven v. HIP Health Plan of Florida, Inc.*, 81 F.Supp.2d 1335 (S.D.Fla.1999). An attorney to whom an interest in the proceeds of a judgment has been assigned may enforce his interest against the judgment debtor if he has notified the judgment debtor of his interest. *In re Simms Constr. Serv. Co., Inc.*, 311 B.R. 479 (6th Cir.2004). The *Simms* court stated:

> In allowing for enforcement by notice to the judgment debtor, Ohio law parallels the requirement articulated in the Restatement of the Law Governing Lawyers, i.e., that "the lien becomes binding on a third party when the party has notice of the lien." Restatement (Third) of the Law Governing Lawyers §43 (2000); *see also* Restatement (Second) of Agency § 464 cmt. n (1958) ("Unless the judgment is for costs only, the right [of the attorney to be paid from the proceeds of the judgment] exists only if the attorney gives notification of his intent to enforce it * * * to the judgment debtor * * *.").

{¶ 19} Similarly, in *Goldberger*, the court explained that recognizing the creditor's claim as superior to that of the attorney

> would put aside entirely the question of [the attorneys'] interest in, or lien upon, the fund produced by their skill and labor, and would result in taking from them that which had thus been procured * * * probably leaving

without remuneration of any sort the attorneys but for whose efforts, presumably, the fund would not have been procured or made available for the payment of the creditors either of the firm or the individuals composing it. The mere statement of that proposition discloses its inequity.

*Id.* at 657-658.

{¶ 20} Finally, we note that a party's former attorney is permitted to intervene in an action in order to pursue a charging lien. *See Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 594 N.E.2d 146 (6th Dist.1991); *Kroger Food & Pharmacy*, 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869 (10th Dist.); *Minor Child of Zentack v. Strong*, 83 Ohio App.3d 332, 334-335, 614 N.E.2d 1106 (8th Dist.1992). Alternatively, a law firm has been permitted to assert a charging lien by motion. *See Roslovic & Partners,* 2004-Ohio-2717, ¶ 44.

{¶ 21} In this matter, we note that Kehoe undertook extensive preparation for the trial that began on November 17, 2008. It is undisputed that in undertaking his trial preparation, Kehoe retained experts, obtained their reports, deposed numerous witnesses, and prepared a trial brief. It is also undisputed that following the first day of trial, Kehoe was forced to withdraw from representation "based upon an ethical imperative," and a mistrial was declared the following day. Moreover, according to Kehoe, successor counsel used the materials he had prepared and obtained at the trial scheduled for July 24, 2009, and "followed the 'blueprint' that Kehoe created for the case, using the pleadings, trial brief, jury charges, voir dire, transcript, exhibits, exhibit binders, photographs, poster boards, experts, and examination outlines for witnesses that testified at trial * * *."

{¶ 22} On the rescheduled trial date, July 24, 2009, Kehoe filed a notice of charging lien, in which it set forth a first priority attorney's charging lien on any settlement or judgment proceeds. The parties were therefore on notice of the charging lien on that date. Later, in February 2010, Ohio National Life filed a motion for an order of distribution of the appropriation proceeds, arguing that by virtue of its mortgage on the subject parcel, it was the "owner" of the parcel pursuant to R.C. 163.01(E). It is undisputed, however, that Ohio National Life did not create the fund at issue.

{¶ 23} The hearing proceeded without Kehoe, and immediately thereafter, the trial court issued an order distributing the appropriation funds to Ohio National Life. Kehoe filed a motion for reconsideration on the following day, and according to this motion, Kehoe did not receive notice of the court's hearing on the matter, but a court employee called the firm to advise it of the hearing and inquire whether anyone from the firm would attend. Shortly thereafter, the employee called back and advised that the firm's attendance was not necessary.

{¶ 24} From the foregoing, we conclude that the trial court abused its discretion in this matter. On this record, it is unrefuted that Kehoe's efforts contributed to the ultimate judgment rendered in favor of Maloof. In addition, Kehoe provided notice of his charging lien to Maloof's mortgagee, Ohio National Life, and it is clear that under Ohio law, a proper charging lien takes priority over the claims of such creditors. We therefore conclude that the trial court erred in failing to grant Kehoe an opportunity to be heard on the matter of his charging lien and an opportunity to demonstrate the extent to which his efforts helped produce the fund at issue.

**{¶ 25}** Further, although Ohio National Life insists that the matter has become moot, since the funds were distributed immediately following the hearing and Kehoe did not file a motion for a stay of execution, we note that Kehoe was simply not given an opportunity to seek a stay, because the trial court entered an order distributing the funds immediately following the hearing that excluded him and his firm. Kehoe neither acquiesced in the judgment nor abandoned the right to appellate review. *Cleveland Hts. v. Lewis,* 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278 (8th Dist.).

**{¶ 26}** In accordance with the foregoing, the judgment is reversed and the matter is remanded for a new hearing in order for Kehoe to be given an opportunity to present his claim for attorney fees from the funds that it helped to create in this matter. The remaining assignment of error and Ohio National Life's assignments of error submitted pursuant to R.C. 2505.22,[1] dispute the validity of the charging lien and are moot.

Judgment reversed
and cause remanded.

SWEENEY, P.J., and JONES, J., concur.

---

1. R.C. 2505.22, provides:

> In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court.