[Cite as *Kisling, Nestico & Redick, L.L.C. v. Progressive Max Ins. Co.*, 2017-Ohio-8064.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105287**

# KISLING, NESTICO & REDICK, L.L.C.

PLAINTIFF-APPELLEE

vs.

# PROGRESSIVE MAX INSURANCE COMPANY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-853760

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**ATTORNEYS FOR APPELLANT**

**For Progressive Max Insurance Company**

David G. Utley
Collins, Roche, Utley & Garner, L.L.C.
520 S. Main Street - Suite 2551
Akron, Ohio 44311

Richard M. Garner
Collins, Roche, Utley & Garner, L.L.C.
655 Metro Place South - Suite 200
Dublin, Ohio 43017

**ALSO LISTED**

**For Todd Anthony Thornton**

Christopher Ankuda
Ankuda, Stadler & Moeller, Ltd.
1100 Superior Avenue - Suite 1120
Cleveland, Ohio 44114

**For Darvale Thomas**

Darvale Thomas
1900 Bairsford Drive
Columbus, Ohio 43232

**ATTORNEYS FOR APPELLEE**

Christopher J. Van Blargan
John J. Reagan
Kisling, Nestico & Redick, L.L.C.
3412 West Market Street
Akron, Ohio 44333

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Progressive Max Insurance Company ("Progressive"), appeals from the trial court's decision granting summary judgment in favor of plaintiff-appellee, Kisling, Nestico & Redick ("KNR"). For the reasons set forth below, we affirm.

{¶2} In 2014, Todd Anthony Thornton ("Thornton") and Darvale Thomas ("Thomas") were involved in an automobile accident. At the time of the accident, Thornton was insured with Progressive. Thomas retained the law firm of KNR to represent him for all claims arising from the accident. Thomas and KNR entered into a contingent fee agreement, which gave KNR a charging lien on the proceeds of any insurance settlement, judgment, verdict, award or property obtained on Thomas's behalf. While negotiating with Progressive on Thomas's behalf, KNR presented a settlement package and demand and obtained a settlement offer of $12,500.

{¶3} During the course of its representation of Thomas, however, KNR became aware that Thomas discussed his accident with another law firm. KNR contacted both the other firm and Progressive and notified them of its fee agreement and charging lien with Thomas. Thomas then began negotiating, on his own, his claim with Progressive. Progressive eventually settled the claim directly with Thomas, despite its prior knowledge of KNR's charging lien.

**{¶4}** In November 2015, KNR sought payment of its legal fees and expenses by filing a complaint against Progressive, Thornton, and Thomas. KNR alleged that it met its obligations under the contingent fee agreement with Thomas and obtained a settlement offer from Progressive but did not receive any payment for its services. KNR's claims against Thomas were for breach of contract, breach of fiduciary duty and the implied duty of good faith and fair dealing, and quantum meruit/unjust enrichment. It alleged that Thomas intentionally breached the terms of the contingent fee agreement by settling the claim directly with Progressive after KNR obtained a settlement offer. As a result, Thomas was unjustly enriched by accepting KNR's services and advancement of claim expenses without reimbursing KNR for its services.

**{¶5}** KNR's claims against Progressive and Thornton were to enforce the charging lien and for tortious interference. It alleged that Progressive and Thornton (through his agent, Progressive) had actual knowledge of its charging lien prior to settling directly with Thomas and distributing the proceeds to him solely. KNR further alleged that Progressive and Thornton knew of the contingency fee agreement between Thomas and KNR and intentionally procured Thomas's breach of the fee agreement.[1]

---

[1]KNR also sought a declaration that the fee agreement and charging liens were valid and enforceable.

**{¶6}** KNR voluntarily dismissed Thornton from the action and conceded that it did not have a claim of tortious interference against Progressive. The trial court granted default judgment in KNR's favor against Thomas. As a result, the only remaining issues related to Progressive were whether KNR had a right to "enforce the charging lien" and whether KNR was entitled to damages based on quantum meruit/unjust enrichment. Both Progressive and KNR filed motions for summary judgment as they relate to these issues.

**{¶7}** The trial court denied Progressive's motion for summary judgment but granted KNR's motion for summary judgment. It found that Progressive "had a duty to protect [KNR's] interest in the settlement proceeds." The trial court held that Progressive owed KNR the amount of KNR's interest in the settlement proceeds; therefore, Progressive was "liable for the quantum meruit value of [KNR's] legal services which include litigation expense[s]."

**{¶8}** Progressive now appeals, raising the following single assignment of error for our review.

Assignment of Error

> The trial court committed reversible error by entering summary judgment in favor of [KNR] and against [Progressive] with respect to [KNR's] claim for an "equitable lien" for contingent attorney fees.

**{¶9}** Progressive argues the trial court erred because it was not in privity of contract with KNR and there is no statute obligating it to assist KNR in the recovery of fees owed to KNR by Thomas. Progressive contends that KNR's remedy lies with KNR

pursuing Thomas only, not Progressive.

{¶10} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Summary judgment is appropriate under Civ.R. 56 when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C).

{¶11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶12} In its motion for summary judgment, KNR argued that under the contingent fee agreement it had with Thomas, Thomas assigned his interest in any settlement proceeds to the extent of KNR's fees and expenses, and this assignment created a valid charging lien. Progressive was aware of the charging lien, a point Progressive concedes. As a result, KNR contends that Progressive "remains liable for the quantum meruit value of KNR's services and expenses KNR advanced on [Thomas's] behalf despite its

settlement with Thomas and distribution of the settlement proceeds." In support of its motion, KNR submitted the contingent fee agreement entered into between Thomas and the firm, which provides in relevant part that

> [t]he Attorneys shall receive as a fee for their services, one-quarter (¼) of the total gross amount of recovery of any and all amounts recovered, and Client hereby assigns said amount to Attorneys and authorizes Attorneys to deduct said amount from the proceeds recovered. Attorney shall have a charging lien upon the proceeds of any insurance proceeds, settlement, judgment, verdict award or property obtained on your behalf. In the event of no recovery, Client shall owe Attorneys nothing for services rendered.

**{¶13}** We note that "Ohio recognizes two types of attorney liens: (1) general, or retaining liens, and (2) special, or charging liens." *Putnam v. Hogan*, 122 Ohio App.3d 351, 353-354, 701 N.E.2d 774 (10th Dist.1997), citing *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*,72 Ohio App.3d 205, 594 N.E.2d 146 (6th Dist.1991). An attorney may have a special or charging lien upon a judgment, decree, or award obtained for a client. *Putnam* at 354, citing *Mancino v. Lakewood*, 36 Ohio App.3d 219, 223-224, 523 N.E.2d 332 (8th Dist.1987). "[A] 'charging lien' is a lien upon a judgment or other monies awarded to a client, or former client, for work previously performed by the attorney." *Bd. of Commrs. v. Maloof Properties, Ltd.*, 197 Ohio App.3d 712, 2012-Ohio-470, 968 N.E.2d 602, ¶ 143 (8th Dist.), citing *Petty v. Kroger Food & Pharmacy*, 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869 (10th Dist.); *Hill Hardman Oldfield, L.L.C. v. Gilbert*, 190 Ohio App.3d 743, 944 N.E.2d 264, 2010-Ohio-5733 (9th Dist.); *First Bank of Marietta v. Roslovic & Partners, Inc.*, 10th Dist. Franklin No. 03AP-332, 2004-Ohio-2717.

**{¶14}** Ohio courts recognize an attorney's equitable right to enforce a "charging lien for the payment of fees earned in the prosecution of litigation to judgment." *Mancino* at paragraph three of the syllabus. In *Mancino*, we stated:

> "The right of the attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment obtained by him, and is upheld on the theory that his services and skill created the fund. Although there is no provision in the Code creating or recognizing the right of an attorney to a lien as security for payment of compensation for his services, it is plain from a long line of decisions by the courts of this state that the right exists, and in proper cases the courts will lend their aid to maintain and enforce it.

> "* * *

> "A special or charging lien may be created by an express agreement on the part of the client that the attorney shall have a lien for his compensation on the amount recovered. While, before judgment, an attorney has no lien upon or interest in the cause of action, in the absence of statute, yet where the parties have contracted that the attorney shall receive a specified amount of the recovery, such agreement will operate as an equitable lien in favor of the attorney." 6 Ohio Jurisprudence 3d (1978), Attorneys at Law, Sections 178-179, at 721-722; Section 183, at 725. *See*, *also*, *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App. 3d 76, 27 OBR 95, 499 N.E. 2d 1297, paragraph two of the syllabus.

> An attorney's lien is founded on the equitable principle that an attorney is entitled to be paid his or her fees out of the judgment rendered in the case. *See* Annotation (1983), 23 A.L.R. 4th 336.

> Contingent fee arrangements in civil cases are a widely accepted practice. An attorney and client may lawfully agree upon compensation to the former contingent upon the amount to be recovered, either by settlement or by judgment, and a court will recognize the validity and enforceability of contracts providing for such arrangements. 6 Ohio Jurisprudence 3d (1978), Attorneys at Law, Section 155, at 690.

*Id.* at 224.

**{¶15}** This right of the attorney to obtain payment from the judgment for work preformed on behalf of the client or former client also encompasses the settlement the attorney obtains on the client's behalf. *Maloof*, 197 Ohio App.3d 712, 2012-Ohio-470, 968 N.E.2d 602, ¶ 15. This right is "based on the theory that the attorney's 'service and skill created the fund.'" *Id.*, quoting *Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923), paragraph one of the syllabus.

**{¶16}** In *Maloof*, we also noted that

> charging liens are generally superior to the claims of the client's other creditors. *Goldberger*, 109 Ohio St. at 23, 141 N.E. 656, paragraph two of the syllabus. Indeed, charging liens have been recognized as having a "superpriority" that is superior even to federal tax liens. *See Reed & Steven v. Hip Health Plan of Florida, Inc.*, 81 F. Supp.2d 1335 (S.D.Fla. 1999). An attorney to whom an interest in the proceeds of a judgment has been assigned may enforce his interest against the judgment debtor if he has notified the judgment debtor of his interest. *In re Simms Constr. Servs. Co., Inc.*, 311 B.R. 479 (6th Cir.2004). The court stated:

>> In allowing for enforcement by notice to the judgment debtor, Ohio law parallels the requirement articulated in the Restatement of the Law Governing Lawyers, *i.e.*, that *"the lien becomes binding on a third party when the party has notice of the lien."* Restatement (Third) of the Law Governing Lawyers §43 (2000); see also Restatement (Second) of Agency § 464 cmt. n (1958) ("Unless the judgment is for costs only, the right [of the attorney to be paid from the proceeds of the judgment] exists only if the attorney gives notification of his intent to enforce it * * * to the judgment debtor * * *.").

(Emphasis added.) *Id.* at ¶ 18. *See also Devis v. Pineview Court Condominium Assn.*, 8th Dist. Cuyahoga No. 102147, 2015-Ohio-2704.

**{¶17}** In the instant case, there is no dispute that Thomas and KNR entered into a

contingency fee agreement. The agreement attached to KNR's motion for summary judgment indicates that Thomas signed the agreement on July 10, 2014. KNR presented a settlement package and demand to Progressive on Thomas's behalf. On June 30, 2015, Progressive made an offer to KNR to settle Thomas's claim for $12,500. On July 9, 2015, KNR learned that Thomas had talked to another law firm regarding his claim. That same day, KNR advised Progressive that it was asserting a lien against any settlement funds paid to Thomas. Then on July 14, 2015, Progressive, despite knowing that KNR had asserted a charging lien for its expenses and fees on any settlement proceeds paid to Thomas, settled the claim directly with Thomas. Tellingly, Progressive does not dispute that it had notice of the charging lien prior to the disbursement of the funds.

**{¶18}** Based on the foregoing circumstances, we find KNR's charging lien is enforceable against Progressive. Progressive had knowledge of KNR's charging lien before it settled Thomas's claim and, despite this knowledge, distributed the settlement proceeds to Thomas solely.

**{¶19}** Moreover, we find Progressive's reliance on our decisions in *Charles Gruenspan Co., LPA v. Thompson*, 8th Dist. Cuyahoga No. 80748, 2003-Ohio-3641, and *Meros v. Rorapaugh*, 8th Dist. Cuyahoga No. 77611, 2000 Ohio App. LEXIS 5477 (Nov. 22, 2000), factually distinguishable from the instant case. In *Gruenspan*, the attorney's equitable lien was found not to extend to accountants in a previously dismissed action. In *Meros*, the attorney settled his claim against his former client before pursuing an action

against the tortfeasor, which forfeited his right to recover fees he might have in equity. Notably, neither *Gruenspan* or *Meros* involved notice to the third-party insurer of an attorney charging lien, and KNR did not settle its claims against its former client. Rather, it asserted equitable claims against its former client and Progressive.

{¶20} We are also not persuaded by Progressive's reliance on *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 2009-Ohio-3506, 912 N.E.2d 1093. In *W. Broad Chiropractic*, the patient assigned her rights against the tortfeasor as payment for West Broad's chiropractic treatment, but American Family Insurance ignored the assignment when distributing the settlement proceeds. Subsequently, West Broad sued American Family for a declaration that its patient's assignment of rights against American Family's insured was enforceable and that American Family had to pay West Broad for the patient's treatment.

{¶21} The agreement between the patient and West Broad was titled "'Assignment of Right to Receive Benefits and/or Proceeds of Settlement or Judgment.'" *Id.* at ¶ 8. This agreement assigned the patient's "right to receive from the tortfeasor's insurance company compensation for [her] injuries in exchange for her treatment." *Id.*

{¶22} The Ohio Supreme Court found that the agreement between the patient and West Broad "could not operate as an assignment because [the patient] had no right in any settlement proceeds to transfer to West Broad." *Id.* at ¶ 17. The court further held that "R.C. 3929.06 precludes an assignee of prospective settlement proceeds from bringing a direct action against a third-party insurer after the insurer has distributed settlement

proceeds in disregard of the written assignment." *Id.* at ¶ 32.

{¶23} *W. Broad Chiropractic* is easily distinguishable from the instant case. *W. Broad Chiropractic* involved a document entitled "Assignment of Right to Receive Benefits and/or Proceeds of Settlement or Judgment," which was a future assignment of an interest by the patient to the medical care provider, whereas the instant case involves an actual charging lien set forth in a contingency fee agreement between a law firm and its client.

{¶24} "An assignment is a transfer to another of all or part of one's property in exchange for valuable consideration. A vested right in the assigned property is required to confer a complete and present right on the assignee." *Id.* at ¶ 14, citing *Hsu v. Parker*, 116 Ohio App.3d 629, 688 N.E.2d 1099 (11th Dist.1996); *Christmas v. Griswold*, 8 Ohio St. 558 (1858).

{¶25} An assignment is distinguishable from a lien. This difference is set forth in *Springer v. J. R. Clark Co.*, 138 F.2d 722 (8th Cir.1943), where the court stated: "[a] lien is distinguished from an assignment in that it is a charge upon property, while an assignment creates an interest in property." *Id.* at 726. *See also First State Bank v. United States*, 166 F.Supp. 204 (D.Minn.1958).

{¶26} Here, KNR's contingent fee agreement with Thomas provided for a charging lien upon property. Specifically, "the proceeds, settlement, judgment, verdict award or property obtained on [Thomas's] behalf." This charge upon property is completely different from the assignment of rights to receive settlement benefits as set

forth in *W. Broad*. Furthermore, "'Ohio law parallels the requirement articulated in the Restatement of the Law Governing Lawyers * * * that "the [charging] lien becomes binding on a third party when the party has notice of the lien."'" *Maloof*, 197 Ohio App.3d 712, 2012-Ohio-470, 968 N.E.2d 602, ¶ 18, quoting *In re Simms Constr. Servs. Co., Inc.,* 311 B.R. 479 (6th Cir.2004). *See also Goldberger,* 109 Ohio St. 22, 141 N.E. 656. Therefore, Progressive's reliance on *W. Broad* is misplaced.

{¶27} In light of the above, Progressive's sole assignment of error is not well taken, and we find that the trial court properly granted summary judgment in favor of KNR.

{¶28} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

___

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS (SEE SEPARATE DISSENTING OPINION).

LARRY A. JONES, SR., J., DISSENTING:

**{¶29}** Respectfully, I dissent and would reverse the trial court's judgment. I agree with the majority that a charging lien is a mechanism by which an attorney may attempt to collect for services rendered, and that it may be used even if counsel was discharged at the time of judgment. The problem I have with this case is against whom the lien was asserted. I do not believe, as the majority does, that it was properly asserted against Progressive. Rather, I believe that any action KNR had in regard to the lien vested with Thomas.

**{¶30}** I think the majority muddles the terms "assignment" and "lien" to reach its conclusion that KNR had a lien it can enforce against Progressive. The attorney-client agreement KNR and Thomas entered into reads: *"Client hereby assigns* said amount to Attorneys and authorizes Attorneys to deduct said amount from the proceeds recovered." (Emphasis added.) I, therefore, believe that this case is not distinguishable from *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 2009-Ohio-3506, 912 N.E.2d 1093, wherein the Ohio Supreme Court held that "R.C. 3929.06 precludes an assignee of prospective settlement proceeds from bringing a direct action against a third-party insurer after the insurer distributed settlement proceeds." *Id.* at ¶ 6.

**{¶31}** In light of the above, I dissent.