[Cite as *Wood v. Shultz*, 2019-Ohio-5398.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANGEL WOOD, ET AL. | : | JUDGES: |
| | : | |
| Plaintiffs | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | |
| BRENDA SHULTZ, ET AL. | : | Case No. CT2019-0011 |
| | : | |
| Defendants-Appellees | : | |
| | : | |
| -vs- | : | |
| | : | |
| BRIAN BENBOW | : | O P I N I O N |
| | : | |
| Appellant | : | |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CC2017-0125


JUDGMENT:                     APPEAL DISMISSED


DATE OF JUDGMENT ENTRY:       December 26, 2017


APPEARANCES:

For Appellant:                          For Defendants-Appellees:

BRIAN BENBOW, PRO SE                    M. JASON FOUNDS
6005 Southview Dr.                      471 East Broad St., 19th Floor
Nashport, OH 43830                      Columbus, OH 43215-3872

*Delaney, J.*

{¶1}   Appellant Brian Benbow appeals the January 18, 2019 judgment entry of the Muskingum County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

### Personal Injury Action

{¶2}   Appellant-Attorney Brian Benbow represented Plaintiffs Angel Mercer-Wood and Troy Harding in a personal injury action filed in the Muskingum County Court of Common Pleas on April 10, 2017. Mercer-Wood and Harding alleged they were injured in a car accident due to the negligence of Defendant-Appellee Brenda Shultz. Plaintiffs also named State of Ohio Medicaid Program as a party defendant, which filed a cross-claim against Shultz.

{¶3}   The matter proceeded to a jury trial and on May 18, 2018, the jury found Shultz was negligent. The jury awarded Harding $5,538.89 in compensatory damages and Mercer-Wood $9,239.51 in compensatory damages.

{¶4}   Mercer-Wood and Harding filed a motion for new trial and motion for judgment notwithstanding the verdict. On June 5, 2018, the trial court journalized the verdict. The trial court denied the motion for new trial and motion for judgment notwithstanding the verdict on July 6, 2018. Mercer-Wood and Harding did not appeal the judgments.

### Attorney Suspension

{¶5}   On July 18, 2018, the Ohio Supreme Court suspended Benbow from the practice of law for two years, with the second year stayed. *Disciplinary Counsel v. Benbow*, 153 Ohio St.3d 350, 2018-Ohio-2705, ¶ 21. Benbow filed a notice of

disqualification with the Muskingum County Court of Common Pleas on August 2, 2018. Plaintiffs did not substitute counsel.

## Satisfaction of Judgment and Charging Lien

{¶6} On August 24, 2018, Shultz filed a Motion for a Satisfaction of Judgment Entry. In her motion, Shultz stated that her insurer, State Farm, and counsel sent payment on August 20, 2018 via certified mail to Mercer-Wood and Harding in the amount of the judgments. The payments totaled the full amount of the judgment for each Plaintiff, with separate checks made payable to Plaintiff and Ohio Tort Recovery in satisfaction of Plaintiffs' statutory obligation to reimburse Medicaid for its payments made on behalf of Plaintiffs for medical expenses. State Farm paid Ohio Tort Recovery $1,930.89 and Harding $3,608.00. State Farm paid Ohio Tort Recovery $2,673.27 and Mercer-Wood $6,566.24.

{¶7} Shultz filed a supplemental motion on September 17, 2018 demonstrating Mercer-Wood and Harding received the payments on August 23, 2018.

{¶8} On October 11, 2018, Benbow filed a Motion to Enforce a Charging Lien Against Harding, Mercer-Wood, State Farm, and Ohio Medicaid. He also filed a Memorandum Contra to the Motion for a Satisfaction of Judgment. In his motion to enforce a charging lien, Benbow requested the trial court place a charging lien on the judgment for alleged attorney's fees owed from Harding and Mercer-Wood based on a contingent fee agreement. Benbow argued the contingent fee agreed stated he was owed 40% of the gross judgment, equating to $6,475.93. Benbow claimed he was unaware Shultz had moved for a satisfaction of the judgment in August because he was not served with a

copy of the motion. Benbow became aware that Harding and Mercer-Wood received the judgment monies on October 8, 2018.

{¶9}  On October 15, 2018, the trial court granted the Motion for Satisfaction of Judgment and filed an order stating the judgments were paid in full and satisfied. Costs were assessed to Shultz.

{¶10} On October 25, 2018, Shultz and State Farm filed a combined Motion to Strike Benbow's Motion to Enforce a Charging Lien. In their response, Shultz and State Farm argued Benbow's charging lien was unenforceable against third parties because the contingent fee agreement appeared defective, Benbow did not intervene in the action, and Benbow failed to put the affected third-parties on notice of his claimed interest in the judgment. Benbow filed a memorandum contra on October 29, 2018, that included the affidavits of Brian Benbow and Amanda Kildow.

{¶11} Also on October 29, 2018, Benbow filed a Motion to Reconsider the trial court's October 15, 2018 judgment entry. He argued the October 15, 2018 judgment entry granting the satisfaction of judgment was not a final appealable order because Benbow's motion to enforce a charging lien was pending at the time the trial court ruled.  Benbow further moved to intervene as a party plaintiff, pursuant to Civ.R. 24, in order to protect his interest relating to his attorney's fees and charging lien.

{¶12} Shultz responded to the motions on November 7, 2018. She also filed a Motion to Strike Benbow's Reply to Memorandum Contra Motion to Enforce Charging Lien and Affidavits of Brian Benbow and Amanda Kildow. Benbow filed replies on November 13, 2018. Shultz filed sur-replies on November 26, 2018.

{¶13} On January 18, 2019, the trial court granted Shultz's Motion to Strike Benbow's Reply to Memorandum Contra Motion to Enforce Charging Lien and Affidavits of Brian Benbow and Amanda Kildow filed on October 25, 2018.[1] It denied Benbow's Motion for Reconsideration and Motion to Intervene.

{¶14} On February 14, 2019, Benbow filed a Notice of Appeal of the trial court's January 18, 2019 judgment entry. On March 1, 2019, Shultz filed a Motion to Dismiss Benbow's appeal. In this Opinion, we consider the Motion to Dismiss the appeal and the Assignments of Error.

ASSIGNMENTS OF ERROR

{¶15} Benbow raises five Assignments of Error:

{¶16} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SUMMARILY DISMISSING BRIAN BENBOW [SIC] MOTION TO ENFORCE A CHARGING LIEN AND BY SUMMARILY STRIKING THE MOTIONS, AFFIDAVITS AND EXHIBITS FILED BY BRIAN BENBOW. IN SO DOING, THE TRIAL COURT COMPLETELY VIOLATED ITS EXPRESS AND UNAMBIGUOUS DUTY TO ADJUDICATE BRIAN BENBOW'S CHARGING LIEN MOTION IN VIOLATION OF THE CASE LAW SET FORTH BY *FIRE PROTECTION RESOURCES, INC. V. JOHNSON FIRE PROTECTION CO.*, 72 OHIO APP.3D 205, 211, 594 N.E.2D 146 (6TH DIST.1991), WHICH HOLDS THAT THE TRIAL COURT IN WHICH THE JUDGMENT WAS RENDERED MUST ENTERTAIN THE ATTORNEY'S CHARGING LIEN MOTION.

---

[1] On October 25, 2018, Shultz and State Farm filed a "Motion to Strike the Motion of Non-Party Brian Benbow to Enforce a Charging Lien Against Troy Harding, Angel Mercer (Wood), State Farm Ins Co and Ohio Medicaid." On November 7, 2018, Shultz filed a "Motion to Strike Mr. Benbow's Reply to Memorandum Contra Motion to Enforce Charging Lien and Affidavits of Brian Benbow and Amanda Kildow."

{¶17} "II. IN THAT THE TRIAL COURT HAD PENDING BEFORE IT BRIAN BENBOW'S CHARGING LIEN MOTION PRIOR TO THE TRIAL COURT ISSUING SATISFACTION OF JUDGMENT, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ADJUDICATING THE PRIORITY OF LIENS BETWEEN BRIAN BENBOW AND MEDICAID, WHICH PARTY WAS FULLY PAID ITS LIEN BY APPELLEE IN VIOLATION OF THE CASE LAW SET FORTH BY *COHEN V. GOLDBERGER* (1923), 109 Ohio St. 22, 141 N.E. 656.

{¶18} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ADDRESSING BRIAN BENBOW'S CLAIMS AGAINST MEDICAID, TROY HARDING AND ANGEL MERCER, WHEN NONE OF THESE PARTIES RESPONDED TO BRIAN BENBOW'S CHARGING LIEN MOTION AND WHICH PARTIES WERE NOT AFFECTED BY THE MOTION FOR A SATISFACTION OF JUDGMENT.

{¶19} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SUMMARILY STRIKING THE MOTIONS, AFFIDAVITS AND EXHIBITS FILED BY BRIAN BENBOW. IN SO DOING, THE TRIAL COURT VIOLATED THE OHIO AND FEDERAL CONSTITUTIONS IN THAT THE TRIAL COURT'S ACTIONS AFFORDED NO PROCEDURAL AND SUBSTANTIVE DUE PROCESS TO BRIAN BENBOW.

{¶20} "V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING BRIAN BENBOW'S MOTION TO INTERVENE IN THAT BRIAN BENBOW HAD AN ABSOLUTE RIGHT TO INTERVENE AS A MATTER OF RIGHT."

## ANALYSIS

## Motion to Dismiss Appeal

Jurisdiction under App.R. 4(A)

{¶21} Before we address the merits of Benbow's appeal, we consider Shultz's Motion to Dismiss Appeal. On March 1, 2019, Shultz filed a motion with this Court arguing Benbow's appeal should be dismissed because he filed the appeal outside of the 30-day time requirement of App.R. 4(A), therefore this Court lacks jurisdiction to consider the appeal. Her argument this Court does not have jurisdiction to consider the appeal is premised on the contention that the October 15, 2018 judgment entry granting the satisfaction of judgment was a final appealable order. She argues that while Benbow filed a Motion to Enforce a Charging Lien and a Memorandum Contra to Shultz's Motion for Satisfaction of Judgment on October 11, 2018, the trial court granted the request for satisfaction of judgment on October 15, 2018, thereby implicitly denying Benbow's motion for a charging lien. The October 15, 2018 judgment entry granting the request for satisfaction of judgment was a final appealable order and Benbow had until November 14, 2018 to file an appeal of that order. Instead of filing an appeal of the October 15, 2018 judgment entry, Benbow filed a Motion for Reconsideration and Motion to Intervene. The trial court denied Benbow's motions on January 18, 2019 and Benbow filed a Notice of Appeal of that entry on February 14, 2019.

{¶22} Benbow responded to the Motion to Dismiss on March 12, 2019. He argues the October 15, 2018 judgment entry was not a final appealable order because (1) his motion to enforce a charging lien was still pending at the time the trial court ruled, (2) the October 15, 2018 judgment entry did not dispose of all issues and did not contain Civ.R.

54(B) language, and (3) the Motion for Satisfaction of Judgment and the October 15, 2018 judgment entry were never served upon Benbow. Because the October 15, 2018 judgment entry was not final appealable, the Benbow contends the trial court was free to reconsider its ruling. Benbow contends the trial court's January 18, 2019 judgment entry denying Benbow's motion to reconsider was a final appealable order from which Benbow timely appealed.

{¶23} Shultz filed a reply to its Motion to Dismiss on March 21, 2019.

<u>Charging Lien</u>

{¶24} Benbow contends his Motion to Enforce Charging Lien was pending at the time the trial court granted the satisfaction of judgment, therefore the October 15, 2018 judgment entry was not a final appealable order. To assist in our analysis, we first describe the concept of a "charging lien." Ohio recognizes two types of attorney liens: (1) general, or retaining liens, and (2) special, or charging liens. *Kisling, Nestico & Redick, L.L.C. v. Progressive Max Ins. Co.,* 2018-Ohio-1207, 110 N.E.3d 681, ¶ 14 (8th Dist.) citing *Putnam v. Hogan*, 122 Ohio App.3d 351, 353-354, 701 N.E.2d 74 (10th Dist.1997) citing *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 594 N.E.2d 146 (6th Dist.1991). Under 2 Restatement of Law 2d, Agency, Section 464(e) (1958),

> [a]n attorney of record who has obtained a judgment has a security interest therein, as security for his fees in the case and for proper payments made and liabilities incurred during the course of the proceedings.

*Bd. Of Commrs. v. Maloof Properties, Ltd.*, 197 Ohio App.3d 712, 2012-Ohio-470, 968 N.E.2d 602, ¶ 13 (8th Dist.). The charging lien is a lien upon a judgment or moneys

awarded to a client, or a former client, for work previously performed by the attorney. *Id.* (citations omitted). The basis of the charging lien rests on the equity of the attorney to be paid out of a judgment obtained by the service and skill of the attorney:

> [t]he right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, as is upheld on the theory that his services and skill created the fund.

*Id.* at ¶ 14 citing *Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923), paragraph one of the syllabus.

{¶25} In *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 594 N.E.2d 146 (6th Dist.1991), the Sixth District established elements the trial court should review when an attorney files a charging lien:

> (1) the right of the client to be heard on the merits; (2) the right of an attorney to invoke the equitable jurisdiction of the courts to protect his fee for services rendered; (3) the elimination of unnecessary and duplicative litigation; (4) the opportunity for the client to obtain counsel to litigate the claim for attorney fees; (5) the propriety of an order opposed to a judgment; (6) a forum for the presentation of witnesses, as necessary; and (7) the equitable nature of the proceeding.

*Id.* at 201-211; *Galloway v. Galloway*, 2017-Ohio-87, 80 N.E.3d 1225, ¶ 11 (8th Dist.). The Sixth District Court of Appeals held:

> a motion to declare and enforce an attorney's charging lien on the proceeds of judgment must be entertained by the court in the action in which the

judgment was rendered, when * * * (1) the client against whom such motion was filed has been given the opportunity to obtain new counsel and (2) there is a final judgment in the case which the claiming attorney helped secure by his services in that litigation or incident to that litigation.

*Fire Protection,* at 211; *Galloway,* ¶ 11.

{¶26} Charging liens are considered superior to the claims of the client's other creditors. *Id.*at ¶ 18 citing *Goldberger,* paragraph two of the syllabus. The Eighth District has held that, "[a]n attorney to whom an interest in the proceeds of the judgment has been assigned may enforce his interest against the judgment debtor if he has notified the judgment debtor of his interest." *Maloof, supra* at ¶ 18 citing *In re Simms Constr. Serv. Co., Inc.* 311 B.R. 479 (6th Cir.2004).

<u>Was the October 15, 2018 Judgment Entry a Final Appealable Order?</u>

{¶27} We now consider Shultz's argument that the October 15, 2018 was a final appealable order that Benbow should have appealed instead of the appealing the January 18, 2019 judgment entry. "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts." Section 3(B)(2), Article IV, Ohio Constitution. Pursuant to App.R. 4(A)(1), "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(D) defines "entry" or "entered" as "when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)." There is no dispute the October 15, 2018 judgment entry was an "entry" as defined by App.R. 4(D). The issue raised in Shultz's motion to dismiss is whether the October 15,

2018 judgment entry granting the satisfaction of judgment was a final appealable order from which Benbow was required to file a notice of appeal within 30 days.

{¶28} R.C. 2505.02(B) defines final orders, in relevant part, as follows:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action * * *

{¶29} In this case, there is no dispute the Satisfaction of Judgment filed on October 15, 2018 was a judgment entry from the trial court. It has been held that a satisfaction of judgment entry is a final appealable order from which a direct appeal must be taken within the time prescribed by the Appellate Rules of Procedure. *See Sereda v. Szogle*, 71 Ohio App.3d 497, 499, 594 N.E.2d 1053 (8th Dist. 1992); *Neal v. Beer & Wine*

*Emporium, Inc.*, 10th Dist. Franklin No. 94 APE12-1795, 1995 WL 527666, *2 (Sept. 5, 1995); *1st Natl. Fin. Servs. v. Ashley*, 10th Dist. Franklin No. 16AP-18, 2016-Ohio-5497, ¶ 15, 20 ("Once the trial court has acknowledged the satisfaction of judgment by entry of a final appealable order, the 30-day time limit in App.R. 4(A) begins to run").

{¶30} A satisfaction of judgment demonstrates the rights and obligations of the parties have been finalized. "Once the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal cannot have any practical effect upon the issues raised by the pleadings." *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011-Ohio-3277, ¶ 21. "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *City of Cleveland v. Spears*, 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, 2019 WL 3410056, ¶ 7 quoting *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). As has been recognized, absent fraud, a timely appeal should be dismissed if the final judgment is voluntarily paid and satisfied because such payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error. *Id.*, citing *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), and *Lynch v. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶31} Benbow contends the October 15, 2018 judgment entry was not a final order because his Motion for Charging Lien was pending at the time the trial court issued the Satisfaction of Judgment. We have held, however, that when a trial court enters judgment without expressly ruling on a pending motion, the motion is generally considered to be impliedly overruled. *Everhome Mtge Co. v. Meryo*, 5th Dist. Knox No.

11-CA-04, 2011-Ohio-3513, 2011 WL 2739647, ¶ 14 citing *Portofe v. Portofe*, 153 Ohio App.3d 207, 2003-Ohio-3469, 792 N.E.2d 742, ¶ 16 (7th Dist.). On October 11, 2018, Benbow filed a Motion to Enforce Charging Lien and a Memorandum Contra to Shultz's Motion for Satisfaction of Judgment. In Benbow's motions to the trial court, he argued the trial court should not grant the Motion for Satisfaction of Judgment because the plaintiffs had not paid Benbow pursuant to their contingent fee agreement, requiring the trial court to enforce a charging lien in favor of Benbow. While Benbow's motions were pending, the trial court issued the October 15, 2018 judgment entry granting the satisfaction of judgment. The October 15, 2018 judgment was a final appealable order that implicitly overruled Benbow's Motion to Enforce Charging Lien.

{¶32} Further, because the October 15, 2018 judgment entry granting the Satisfaction of Judgment was a final order, Benbow's Motion for Reconsideration had no effect on the judgment. Generally, motions for reconsideration to a trial court are only permissible to obtain relief from a non-final order. *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016-Ohio-7514, 2016 WL 6392883, ¶ 22 citing *Frabott v. Swaney*, 5th Dist. Delaware No. 13 CAE 05 0047, 2013–Ohio–3354, ¶ 17 citing *McGee v. Lynch*, 6th Dist. Erie No. E–06–063, 2007–Ohio–3954, ¶ 27. The Ohio Civil Rules do not provide for motions for reconsideration after a final judgment. *Id*. Therefore, the motion for reconsideration is considered a nullity. *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981).

{¶33} Under these procedural circumstances, we find Benbow erred in not timely appealing the October 15, 2018 judgment entry granting the satisfaction of judgment pursuant to App.R. 4. The October 15, 2018 judgment entry was a final appealable order

which implicitly denied Benbow's Motion to Enforce Charging Lien, making the issue of the charging lien ripe at that time for our appellate review. App.R. 4 and its 30-day time limit for appeal constrains our jurisdiction to review Benbow's possibly valid contention that the trial court should have considered his argument he should be awarded a charging lien against his client's judgment.

{¶34} As such, we grant Shultz's Motion to Dismiss Appeal for this Court's lack of jurisdiction under App.R. 4. Based upon our dismissal of the appeal, we are without jurisdiction to consider the merits of the Assignments of Error.

**CONCLUSION**

{¶35} The appeal of the January 18, 2019 judgment entry of the Muskingum County Court of Common Pleas is dismissed.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.