[Cite as *Franciscan Communities, Inc. v. Rice*, 2025-Ohio-2688.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FRANCISCAN COMMUNITIES, INC.,
ET AL.,                                             :

      Plaintiffs-Appellees,                  :
                                           No. 114886
      v.                                  :

JASON RICE, ET AL.,                                 :

      Defendants-Appellants.                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897283

---

### *Appearances:*

Hahn Loeser & Parks LLP, Christina T. Hassel, and Aaron
S. Evenchik, *for appellees*.

Mills, Mills, Fiely & Lucas, LLC, Laura L. Mills, and Pierce
C. Walker, *for appellants*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to

App.R. 11.1 and Loc.App.R. 11.1. Appellant Mills, Mills, Fiely & Lucas, LLC

("MMFL") appeals the denial of its motion to enforce a charging lien. It claims the following error:

The trial court erred in denying appellant's motion for charging lien.

{¶ 2} We find merit to the appeal, vacate the trial court's judgment, and remand the case to the trial court to enforce the charging lien.

## I. Facts and Procedural History

{¶ 3} In May 2018, plaintiffs-appellees, Franciscan Communities, Inc. ("Franciscan I") and Franciscan Communities, Inc. II ("Franciscan II") (collectively "the Franciscans") filed a complaint against Armatas Construction Inc. ("Armatas") and several other defendants. The complaint, which was amended three times, alleged claims of fraud, breach of contract, and slander. MMFL represented Armatas throughout the proceedings and, on behalf of Armatas, MMFL filed an answer, a cross-claim against codefendant Aventis Development Co. L.L.C. ("Aventis"), and a counterclaim against the Franciscans for foreclosure of mechanic's lien, breach of contract, unjust enrichment, and abuse of process.

{¶ 4} The trial court granted a motion to dismiss Armatas' abuse-of-process claim, and the case ultimately proceeded to a jury trial. On July 25, 2023, the jury rendered a verdict in favor of Franciscan I against Aventis and Armatas in the amount of $966,258.00, and a verdict in favor of Franciscan II against Aventis and Armatas in the amount of $1,488,007.00. The jury also rendered a verdict in favor of Armatas in the amount of $165,447.00 on the unjust-enrichment claim in its counterclaim against the Franciscans.

{¶ 5} On July 26, 2023, the day after the jury rendered its verdicts, the Franciscans filed a motion for pre- and post-judgment interest. The trial court granted the request for prejudgment interest and thereby raised the total award in favor of the Franciscans to slightly over $3 million.

{¶ 6} On July 26, 2023, the Franciscans also filed a motion to set off the award to Armatas against the separate awards granted to the Franciscans, but the trial court denied the motion. Pursuant to Civ.R. 62, the Franciscans obtained a supersedeas bond with Travelers Casualty and Surety Company of America ("Travelers") in the amount of $178,684.00, in order to appeal and stay execution of Armatas' judgment pending appeal. In October 2024, this court affirmed the trial court's judgment denying the motion for setoff and on November 26, 2024, the cause was dismissed by the Ohio Supreme Court.[1] Shortly after the dismissal, MMFL submitted its claim for a charging lien on the supersedeas bond.

{¶ 7} On November 27, 2024, the Franciscans filed a "creditor's bill" complaint in a new action seeking an order enjoining Travelers from paying funds to Armatas in satisfaction of the judgment against them until the Franciscans' judgments and court costs were paid in full. On December 17, 2024, three weeks after the Franciscans filed its creditor's-bill complaint and one week after the creditor's-bill complaint was served on Armatas and Travelers, MMFL filed a

---

[1] *Franciscan Communities, Inc. v. Rice*, 2024-Ohio-4796 (8th Dist.). *Franciscan Communities, Inc. v. Rice, 11/26/2024 Case Announcements #2*, 2024-Ohio-5568.

motion to enforce its charging lien. MMFL attached a copy of its attorney-fee agreement with Armatas and a copy of the charging lien to the motion.

{¶ 8} The Franciscans filed a brief in opposition to the motion for charging lien, arguing, among other things, that because MMFL's charging lien motion was filed after the Franciscans filed their creditor's-bill complaint, the Franciscans have priority to the funds held by Travelers on the supersedeas bond. They argued that MMFL's charging lien was invalid because it failed to establish the existence of any unpaid legal fees. They also argued that MMFL failed to establish that it created a monetary fund to which Armatas or MMFL would have a valid claim because the judgment in favor of Armatas on its counterclaim against the Franciscans is substantially less than the judgment the Franciscans obtained against Armatas. Finally, the Franciscans argued it had priority to the funds held by Travelers because they filed their creditor's-bill action before MMFL filed its motion to enforce its charging lien.

{¶ 9} The trial court summarily denied MMFL's motion to enforce its charging lien. In a brief judgment entry, the court stated that "the parties' interests are secured by creditor's bill" and that "the motion is not a proper request for charging order." This appeal followed.

## II. Law and Analysis

{¶ 10} In the sole assignment of error, MMFL argues the trial court erred in denying its motion to enforce its charging lien.

## A. Standard of Review

{¶ 11} "The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund." *Cohen v. Goldberger*, 109 Ohio St. 22 (1923), paragraph one of the syllabus. Due to the equitable nature of a charging lien, we review the trial court's judgment on a motion to enforce a charging lien for an abuse of discretion. *Cuyahoga Cty. Bd. of Commrs. v. Maloof Properties, Ltd.*, 2012-Ohio-470, ¶ 14 (8th Dist.), citing *Garrett v. Sandusky*, 2004-Ohio-2582 (6th Dist.).

{¶ 12} An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. This court has also held that an abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.).

## B. Charging Lien

{¶ 13} MMFL contends it met all the requirements for its charging lien and that it was a proper request that should have been granted.

{¶ 14} "[A] 'charging lien' is a lien upon a judgment or other monies awarded to a client, or former client, for work previously performed by the attorney." *Cuyahoga Maloof Properties* at ¶ 14, citing *Petty v. Kroger Food & Pharmacy*,

2005-Ohio-6641 (10th Dist.). It has been described as "a device to protect counsel against 'the knavery of his client,' whereby through his effort, the attorney acquires an interest in the client's cause of action." *In re City of New York*, 5 N.Y.2d 300, 307 (1959).

{¶ 15} "Generally, four elements must be present for a charging lien to be enforceable: (1) 'a valid express or implied contract between the attorney and the client,' (2) 'a fund recovered by the attorney,' (3) 'notice of intent to assert a lien,' and (4) 'a timely assertion of the lien.'" *Kisling, Nestico & Redick, L.L.C. v. Progressive Max Ins. Co.*, 2020-Ohio-82, ¶ 12, quoting 2 Rossi, *Attorneys' Fees*, § 12:13 (3d Ed.2019).

{¶ 16} It is undisputed that MMFL had a valid contract with its client, Armatas, wherein Armatas agreed to pay MMFL certain hourly rates for legal services performed by attorneys and paralegals. MMFL attached a copy of its attorney-fee agreement with Armatas to its motion to enforce the charging lien. It also attached a copy of a document titled "Charging Lien," wherein Armatas acknowledged that the jury award of $165,447.00 to Armatas on its counterclaim against the Franciscans "is a fund recovered by [MMFL]" in the litigation and that Armatas "hereby grants [MMFL] a charging lien for all outstanding fees owed by [Armatas]" under the fee agreement. Therefore, the first element of the prima facie case for enforcing a charging lien was established.

{¶ 17} It is also undisputed that the jury awarded Armatas the sum of $165,447.00 on its counterclaim against the Franciscans. The Franciscans

nevertheless contend that MMFL did not create the fund on which it seeks to enforce its charging lien because "the Armatas Judgment Sum is much less than the closely related Franciscan Judgment Sum, and [the Franciscans have] long-perfected judgment against Armatas for the full amount of its over $3 million judgment." (Appellees' brief p. 9.) They contend that MMFL did not win this lawsuit for Armatas because Armatas still owes them approximately $3 million above and beyond the Armatas judgment. (Appellees' brief p. 9-10.)

{¶ 18} However, the record shows that MMFL prosecuted Armatas' counterclaim against the Franciscans and that, as a result of MMFL's efforts, the jury rendered a verdict in favor of Armatas and against the Franciscans in the amount of $165,447.00. Therefore, the award of $165,447.00 was the product of MMFL's legal services, and the second element of the charging lien claim was also established.

{¶ 19} Finally, MMFL argues the trial court erred in denying its motion for charging lien because the motion was timely filed. The Franciscans assert, however, that MMFL failed to establish the third and fourth elements of its claim for a charging lien because it failed to provide proper and timely notice of the charging lien.

{¶ 20} MMFL filed the motion to enforce its charging lien more than a year after the jury rendered the verdict on Armatas' counterclaim. However, during that year, the case was on appeal to determine whether the trial court properly denied the Franciscans' request to set off Armatas' verdict. The issue of the setoff was

directly related to MMFL's claim for a charging lien because the Franciscans sought to set off the amount awarded to Armatas on its counterclaim from the amounts they were awarded. Although we issued our decision affirming the trial court's judgment denying the setoff on October 3, 2024, the trial court issued a judgment entry notifying the parties that it was without jurisdiction to proceed until after an appeal to the Ohio Supreme Court had been resolved. MMFL promptly filed its motion to enforce the charging lien upon remand from the Supreme Court. The Supreme Court dismissed the appeal for lack of prosecution on November 26, 2024, and MMFL filed its motion to enforce the charging lien on December 17, 2024. Therefore, although the motion was filed more than a year after the jury rendered its verdict, the motion was timely since the case was being reviewed under appellate jurisdiction, which made it impossible for MMFL to properly file the motion sooner.

{¶ 21} The Franciscans further assert that they perfected their judgment lien before MMFL provided notice of its charging lien and that, therefore, the Franciscans' judgment lien has priority over MMFL's charging lien. They cite *Acacia on the Green Condo. Assn., Inc. v. Jefferson*, 2016-Ohio-386 (8th Dist.), and *Olive Branch Holdings L.L.C. v. Smith Technology Dev. L.L.C.*, 2009-Ohio-1105 (10th Dist.), in support of their argument.

{¶ 22} In *Acacia*, the court held that ordinarily "a lien recorded first has priority over a lien recorded later in time." *Id*. at ¶ 15. In *Olive*, the court held that upon commencement of a creditor's bill, the judgment creditor not only acquires a

lien on the debtor's assets, but also achieves priority over creditors of the judgment debtor without specific liens upon the debtor's interest in the property." *Id*. at ¶ 33.

{¶ 23} However, *Acacia* involved competing mortgage liens and *Olive* involved a creditor's bill to secure a judgment. Neither *Acacia* nor *Olive* involved a charging lien, and charging liens are superior to the claims of the client's other creditors. *Maloof Properties*, 2023-Ohio-470, at ¶ 18 (Charging liens are generally superior to the claims of the client's other creditors.); *Cohen*, 109 Ohio St. 22, at paragraph two of the syllabus (A charging lien "has priority over those of general creditors of the plaintiff[.]"); *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 209-210 (6th Dist. 1991), quoting *Diehl v. Friester*, 37 Ohio St. 473, 477 (1882) ("An attorney's right to fees out of the judgment, therefore, is no different than if ' . . . attorney's fees were thus included in the verdict and judgment . . . .'").

{¶ 24} The Franciscans are creditors of Armatas because they obtained substantial judgments against Armatas. However, under Ohio law, those claims are inferior to the charging lien asserted by MMFL. It is true, as the Franciscans assert, that MMFL did not specify how much Armatas owes in attorney fees. However, as previously stated, MMFL met all the elements necessary to enforce the charging lien, and proof of the amount of unpaid fees is not required to establish liability on the charging lien. *See Kisling, Nestico & Redick, L.L.C.,* 2020-Ohio-82143, at ¶ 12, quoting 2 Rossi, *Attorneys' Fees*, § 12:13 (3d Ed.2019).

{¶ 25} Furthermore, the trial court's judgment erroneously states that Armatas' judgment was secured by a creditor's bill even though MMFL never asserted a creditor's bill, and MMFL is not a party to the separate creditor's bill action filed by the Franciscans. The trial court also erroneously concluded that a motion to enforce the charging lien is not a proper request for a charging order when it is well-established a motion to declare and enforce a charging lien is a proper vehicle for enforcing a charging lien. *See, e.g.*, *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 211 (6th Dist. 1991) (holding that a court must entertain a motion to enforce a charging order where a judgment has been rendered and an attorney claims to have secured the judgment). Therefore, the trial court abused its discretion in summarily denying MMFL's motion to enforce its charging lien without a hearing to determine the amount of unpaid fees.

{¶ 26} Accordingly, the sole assignment of error is sustained.

{¶ 27} The trial court's judgment is vacated, and the case is remanded to the trial court to determine and award MMFL attorney fees from the amount of money the jury awarded to Armatas on its counterclaim.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR